# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN TURNER, | 1:08-cv-00789-OWW-SMS-PC |
| | [Fresno Superior Court case #07-CE-CG-02773] |
| Plaintiff, | |
| | FINDINGS AND RECOMMENDATIONS |
| v. | RECOMMENDING PLAINTIFF'S MOTION |
| | TO REMAND BE GRANTED |
| H. RODRIGUEZ, et al., | (Doc. 7.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.   BACKGROUND**

This is a civil action filed by plaintiff Nathan Turner ("plaintiff"), a state prisoner proceeding pro se who is presently incarcerated at the California Medical Facility in Vacaville, California. This action was initiated by civil complaint filed by plaintiff in the Fresno County Superior Court on August 21, 2007 (case #07-CE-CG-02773). On June 2, 2008, defendant Rodriguez removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) On July 29, 2008, plaintiff filed a motion entitled "Petition for Notice of Exhaustion of Administrative Remedy(s) in State (Venue)" which consists of a motion to remand this action to the Fresno County Superior Court. (Doc. 7.)

**II.   SUMMARY OF COMPLAINT**

Plaintiff names as defendants H. Rodriguez and Does 1 through 10. All of the defendants are employees of the California Department of Corrections and Rehabilitation at Pleasant Valley

1  State Prison (PVSP), where the events at issue allegedly occurred.  Plaintiff requests monetary
2  damages and costs of suit as relief.
3      Plaintiff makes the following allegations.  On January 8, 2006, plaintiff told defendant
4  Rodriguez ("Defendant") that plaintiff required a no-meat religious diet, to which Defendant
5  responded, "Oh, well."   When plaintiff asked Defendant to "call the culinary" and get him "a
6  religious diet meal," Defendant did not respond.  Plaintiff asked to speak to Defendant's
7  immediate supervisor.  Defendant replied "No" and intentionally grabbed plaintiff's right arm
8  and twisted plaintiff until his legs and back gave out, forcing plaintiff to the ground, re-injuring
9  his back and causing severe pain.  Plaintiff was given emergency transportation to the hospital at
10 PVSP and was soon transferred for outside medical care to the emergency room at Coalinga
11 Regional Medical Center where he received injections in his back.  As a result of defendants'
12 conduct, plaintiff suffered from excruciating and debilitating back pain, insomnia, and the
13 inability to participate in exercise, outdoor recreational activities, or other usual activities.

### III. REMOVAL AND REMAND

15  Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of
16 which the district courts of the United States have original jurisdiction."  Federal courts "shall
17 have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the
18 United States."  28 U.S.C. § 1331.  Removal of an action under 28 U.S.C. § 1441(b) depends
19 solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or
20 immunity created by the Constitution or laws of the United States [constitutes] an element, and
21 an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299
22 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore
23 the federal cause of action and rest the claim solely on a state cause of action. See The Fair v.
24 Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913).
25      Because of the Congressional purpose to restrict the jurisdiction of the federal courts on
26 removal," the removal statute is strictly construed against removal.[1]  Shamrock Oil & Gas Corp.

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

v. Sheets, 313 U.S. 100, 108-109 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction."  Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

### *Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.

### IV.    DISCUSSION

Plaintiff first argues that this action should be remanded so he can exhaust his administrative remedies at the state level.  As stated above, removal of an action under 28 U.S.C. § 1441(b) depends *solely* on the *nature of the plaintiff's complaint*.  Gully, 299 U.S. at 112 (emphasis added).  Therefore, plaintiff's argument regarding exhaustion of remedies is not relevant to the question of remand.

Plaintiff next argues that he has the right to choose his forum, and that "uncertainties should be resolved in favor of remand."  Defendant removed plaintiff's complaint based on federal question jurisdiction under 28 U.S.C. § 1441(b), contending that the action "arises under 42 U.S.C. § 1983 as it makes a claim under the Eighth Amendment of the United States Constitution."  Notice of Remand (N/R) at 2 ¶4.  In support, Defendant directs the court to paragraph 5 of the complaint which alleges the "use of excessive physical force" by defendants which was "not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm to plaintiff."  Id.  Defendant concludes that, based on

///

1  this language which recites elements of an Eighth Amendment excessive force claim, "the
2  Complaint references constitutional concerns." Id.
3       The court has thoroughly reviewed plaintiff's complaint and finds no specific reference to
4  the United States Constitution, treaties, or federal law.  Plaintiff uses a California state civil case
5  cover sheet to describe his case as a civil rights and negligence action. (Doc. 1 at p. 6.)  The
6  complaint, entitled "Complaint for Personal Injuries and Damage," alleges that defendants were
7  "deficient in their duties which resulted in a failure that amounted to negligence, when defendant
8  Rodriguez used unnecessary and unjustified force. . ." Complaint at 1 ¶1.  The complaint alleges
9  that defendants "had a duty for overall care of plaintiff to include the safe and secure custody,"
10 and "[d]efendants so negligently operated, supervised, and controlled the implementation of such
11 duties that plaintiff sustained injuries." Id. at 3 ¶7.  Plaintiff also states in the complaint that he
12 filed a claim with the State of California Victim Compensation and Government Claims Board
13 under the provisions of the California Tort Claims Act.  Id. ¶9.  Nowhere in the complaint does
14 plaintiff specifically refer to the Constitution, Section 1983, federal civil rights, the Eighth
15 Amendment, or any other federal law.  Negligence is a state, not federal, cause of action.  28
16 U.S.C. § 1331; United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 594; 83
17 Cal.Rptr. 418, 422; 463 P.2d 770, 774 (1970).   The fact that plaintiff checked the "civil rights"
18 box on the cover sheet to the complaint does not confer federal jurisdiction.  Plaintiff is free to
19 bring a civil rights complaint under the California Constitution, and both the United States
20 Constitution and the California Constitution contain protections against cruel and unusual
21 punishment. Cal. Civ. Code § 51; U.S. Const. amend. VIII; Cal. Const. art. 1, ¶ 17.  Plaintiff's
22 use of language reciting some elements of a federal claim, without more, is not enough to confer
23 federal jurisdiction.  As stated above, plaintiff is the master of his own complaint and is free to
24 rest his claims solely on state causes of action.  See The Fair, 228 U.S. at 25.  Based on these
25 facts, the court finds that plaintiff's complaint does not present a claim arising under federal law
26 to warrant subject matter jurisdiction, and therefore the instant action does not implicate a federal
27 interest sufficient to sustain removal of the action to federal court.
28 ///

**V.   CONCLUSION AND RECOMMENDATIONS**

The Court finds that the federal court lacks jurisdiction over plaintiff's complaint and the action is not removable. Accordingly, IT IS HEREBY RECOMMENDED that:

    1.   This action be remanded to the Fresno County Superior Court; and

    2.   The Clerk be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 20, 2008**             /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE